# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 16, 2011

No. 10-50491
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RUDY NEVAREZ, also known as Rudolfo Nevarez,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:09-CR-2318-1

Before DAVIS, SMITH and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Rudy Nevarez appeals from the sentence imposed following his guilty plea and conviction for importation of more than 500 grams of a substance containing methamphetamine and possession with intent to distribute more than 500 grams of a substance containing methamphetamine. Nevarez admitted that he drove a car loaded with unknown drugs into the United States from Mexico, after being offered $20,000 to do so. The car that Nevarez drove contained 11.45 kilograms of a substance containing methamphetamine, which consisted of 9.786

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

kilograms of actual methamphetamine.  The district court sentenced Nevarez within the guideline range to 84 months of imprisonment and to a four-year term of supervised release.

On appeal, Nevarez argues that his sentence was substantively unreasonable because (1) the drug-trafficking guideline, U.S.S.G. § 2D1.1, tends to overstate the sentence necessary in cases involving drug couriers because it is not based on empirical data and assumes that a larger quantity of drugs indicates greater culpability, and (2) his personal history and circumstances, particularly his financial desperation and concern for his family, warrant a sentence at the low end of the guidelines range.

Because Nevarez did not object to the reasonableness of his sentence in the district court, we review his claims for plain error.  *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir.), *cert. denied*, 130 S. Ct. 192 (2009).  Nevarez concedes that an argument against the application of the plain error standard in this case is foreclosed by our precedent, but he wishes to preserve such a claim for further review.  To show plain error, Nevarez must show a forfeited error that is clear or obvious and that affects his substantial rights.  *See Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009).  If he makes such a showing, we have the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *See id.*

His challenge to the drug-trafficking guideline based upon its alleged lack of supporting empirical data lacks merit.  *See id.* at 366-67; *United States v. Campos-Maldonado*, 531 F.3d 337, 338-39 (5th Cir.), *cert. denied*, 129 S. Ct. 328 (2008).  Accordingly, we afford his within-guideline sentence a presumption of reasonableness.  *See United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006).  Nevarez has not shown sufficient reason for this court to disturb that presumption on review for plain error.

AFFIRMED.